1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

RONALD K. HOOKS,

11
                          Petitioner,

12
        v.

13

TRILOGY MEDWASTE WEST LLC,

14
                          Respondent.

CASE NO. 3:22-cv-05034-RAJ-JRC

ORDER TO SHOW CAUSE
REGARDING SERVICE

15

16          This matter is before the Court on referral from the District Court.

17          Upon review of the filings in this matter, there is nothing in the record to show that

18   petitioner has perfected personal service of the petition on respondent in accordance with Federal

19   Rule of Civil Procedure 4.  *See* 19 Fed. Proc., L. Ed. § 47:43 ("It is fundamental that . . . a Court

20   has no power to enjoin a person over whom it has not acquired valid *in personam* jurisdiction.

21   Thus, in order for a district court's preliminary injunction to be valid, the court must have

22   personal jurisdiction over the defendant.  The court must determine whether it has jurisdiction

23   over the party to be enjoined before it can issue a preliminary injunction." (Internal footnotes

24

omitted)); *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985); *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986). It does not appear that the Court has personal jurisdiction over respondent at this time.

Petitioner has provided evidence that he caused the petition to be sent to respondent's manager by email and by mail. Dkt. 12, at 2; Dkt. 15, at 3. However, petitioner has not obtained permission to serve respondent by either mail or e-mail in this matter. Federal Rule of Civil Procedure 4(h)(1)(B) does not provide for service by mail. *See, e.g.*, *Block v. Any Merced Inc.*, No. 121CV01251NONEEPG, 2021 WL 5601503, at *2 (E.D. Cal. Nov. 30, 2021) (citing authorities that this rule does not provide for service by mail). The other provision that could apply, Rule 4(h)(1)(A), refers to Washington state law, which also requires service by personal delivery. *See* RCW 4.28.080(9); *see also Perks v. SLI Techs., Inc.*, No. 2:20-CV-00095-SMJ, 2020 WL 8992482, at *2 (E.D. Wash. July 29, 2020) (explaining that relevant Washington law requires personal delivery of a copy of the summons).

This case is an action under the National Labor Relations Act, and there are underlying administrative proceedings occurring before the National Labor Relations Board, in which respondent's attorneys in this matter also represent respondent. *See* Dkt. 15-1, at 2. Petitioner has also provided evidence that he caused the petition and other documents to be sent to these two attorneys by methods including hand delivery. Dkt. 10, at 2. However, at the time that petitioner brought suit in this matter, service had to be accomplished on respondent itself—not on attorneys who represent respondent in another matter. *See* Fed. R. Civ. P. 5(b); *see also* 4B Fed. Prac. & Proc. Civ. § 1145 (4th ed.) ("[S]ervice on a party is valid—indeed it is obligatory— if that party does not have an attorney[.]"); *Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1249 (9th Cir. 1987) (citing authorities and explaining that service on an attorney who represents

1 | a party *in another matter* is inadequate).  Although respondent has actual notice of this lawsuit,

2 | actual notice is not enough to excuse a failure to comply with Rule 4.  *See Direct Mail*

3 | *Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988).

4 | Finally, the Court observes that Federal Rule of Civil Procedure 4 requires service of

5 | copies of the complaint *and the summons*, but it does not appear that petitioner has obtained a

6 | summons (*see* Fed. R. Civ. P. 4(a)) to serve on respondent or requested and obtained a valid

7 | waiver of the service of a summons from respondent.  This, too, appears to render service

8 | inadequate in this matter.

9 | The Court observes that the 90-day time period for petitioner to properly serve this matter

10 | has not yet expired.  Pursuant to the Court's discretion regarding matters of service (*see, e.g.*,

11 | *Henderson v. United States*, 517 U.S. 654, 662 (1996)) and to secure the "just, speedy, and

12 | inexpensive determination" of this action (*see* Fed. R. Civ. P. 1), the Court orders petitioner to

13 | show cause as follows:

14 | On or before **March 11, 2022,** petitioner shall file a brief, affidavit, or other document

15 | explaining how it has validly perfected service on respondent in accordance with applicable

16 | federal and Washington State law.

17 | Dated this 22nd day of March, 2022.

J. Richard Creatura
Chief United States Magistrate Judge

ORDER TO SHOW CAUSE REGARDING SERVICE - 3